STATE of Wisconsin, Plaintiff-Respondent,

v.

Wade A. SATERNUS, Defendant-Appellant.†

Court of Appeals

No. 84–768–CR. Submitted on briefs October 1, 1984.—
Decided December 18, 1984.
(Also reported in 361 N.W.2d 728.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender, of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Cane, P.J., Dean and Brown, JJ.

CANE, P.J.   Wade Saternus appeals from a judgment convicting him of delivering marijuana in violation of secs. 161.41(1)(b) and 161.14(4)(t), Stats., and an order denying his motion for a new trial. He contends that a reasonable juror could have misinterpreted the pattern jury instruction on entrapment, Wis JI—Criminal 780 (1971), to the detriment of his right to due process of law. Because the instruction correctly states Wisconsin law on the allocation of the burden of proof of entrapment, we affirm the judgment.

Saternus sold an ounce of marijuana to an undercover officer. The officer and his paid informant testified that they may have told Saternus that they were returning from visiting a sick relative. Saternus testified that although the marijuana was for his own use, the officer and the informant persuaded him to sell it to them because "[t]hey were going to lose a family member and

they seemed sad . . . ." At trial, he relied primarily on the entrapment defense.

■

The court gave the pattern entrapment instruction[1] to the jury. Because Saternus' argument raises questions

[1] With some slight modifications to the pattern instruction, the court instructed the jury as follows:

The defense of entrapment is an issue in this case. In law the term entrapment refers to a defense available to a defendant whenever a law enforcement officer has used improper methods to induce him to commit an offense and by the use of such methods has succeeded in inducing him to commit an offense which he is not otherwise disposed of to commit.

The burden of proving that a law enforcement officer induced him to commit the offense is upon the defendant by a preponderance of the evidence. By a preponderance of evidence is meant evidence which possesses the greater weight or convincing power. It is not sufficient if the evidence of inducement is of slightly greater weight or convincing power. It must go further and satisfy or convince you before the burden is met.

The law recognizes that in the enforcement of the law it is often necessary for law enforcement officers to set traps to catch criminals by affording them the freest opportunity to commit offenses which they are disposed of to commit. Some inducement, encouragement or solicitation by law enforcement officers is, therefore, permissible but it is not proper for them to use excessive incitement, urging, persuasion or temptation which is likely to induce the commission of an offense by a person not already disposed to commit an offense of that kind.

It is the duty of law enforcement officers to detect criminals and not to create them; therefore, if a law enforcement officer for the purpose of obtaining evidence on which to prosecute the defendant used excessive incitement, urging, persuasion or temptation and thus created more than the usual or ordinary opportunity to commit the offense and prior to the inducement the defendant was not already disposed and ready and willing to commit such an offense the defense of entrapment is established and you should find the defendant not guilty.

On the other hand, if the law enforcement officer created only the usual or ordinary opportunity to commit the offense or if the defendant prior to the inducement was already disposed and ready

relative to the state's burden of proof, his failure to object to the instruction at trial does not preclude our review of the entrapment issue. *See State v. Ivy,* 115 Wis. 2d 645, 655–56, 341 N.W.2d 408, 413–14 (Ct. App. 1983), *rev'd on other grounds,* 119 Wis. 2d 591, 350 N.W.2d 622 (1984). A correct entrapment instruction is important because entrapment was Saternus' major defense to the crime. *See State v. Schulz,* 102 Wis. 2d 423, 431, 307 N.W.2d 151, 156 (1981). He does not contest the fact that he delivered the marijuana, but contends that the undercover officer and the informant induced him to commit the crime.

The pattern jury instruction on entrapment is based on *Hawthorne v. State,* 43 Wis. 2d 82, 91, 168 N.W.2d 85, 89 (1969). An accused who relies on this defense must convince the jury by a preponderance of the evidence that the police officer induced him to commit the crime. *Id.* The state must then prove beyond a reasonable doubt

and willing to commit such an offense the defense of entrapment is not established and the defendant should not be acquitted on that ground.

The burden of proof of proving that prior to the inducement the defendant was already disposed and ready and willing to commit the offense is upon the State which must prove such prior disposition beyond a reasonable doubt before the defense of entrapment is overcome. If you are not satisfied beyond a reasonable doubt that the defendant had a prior disposition to commit the offense then you must find that the defense of entrapment is not overcome.

In determining whether the defendant had a prior disposition to commit an offense you may consider whether he readily complied with the incitements and inducements of the law enforcement officer, keeping in mind whether any reluctance he exhibited was due to a fear of detection.

You may also consider whether or not the defendant has committed such offenses in the past. A mere offer to buy does not create more than the usual opportunity to commit an offense. For example, when the police desire to obtain evidence against a person who they have some reason to believe is selling marijuana it

the accused's predisposition to commit the crime.[2] *Id.*

Post-*Hawthorne* decisions addressing the constitutionality of placing a burden of persuasion on the accused do not require a departure from *Hawthorne*. Those cases address the violation of a defendant's right to due process resulting when a jury instruction places on the defendant the burden of persuasion of a negative defense. *See Sandstrom v. Montana,* 442 U.S. 510 (1979); *Schulz,* 102 Wis. 2d at 429–30, 307 N.W.2d at 156. Entrapment is an affirmative defense, *State v. Hochman,* 2 Wis. 2d 410, 418, 86 N.W.2d 446, 450–51 (1957), not a negative defense. Entrapment does not negate a fact that the state must prove in order to sustain a conviction, but nonetheless constitutes a defense to "deter reprehensible police conduct." *State v. Brown,* 107 Wis. 2d 44, 55, 318 N.W.2d 370, 376 (1982). Under the trial court's instructions in this case, the prosecution continues to bear the burden of proving beyond a reasonable doubt "every fact necessary to constitute the crime . . . ." *See In re Winship,* 397 U.S. 358, 364 (1970).

is not improper for the police to pretend to be someone else and to offer either directly or through an informer or other decoy to purchase the goods which are being sold illegally. In such a situation the police are creating only the usual opportunity to commit this kind of offense.

If you are satisfied from the evidence in this case under the instructions that I have given you that the defendant was entrapped into committing the crime charged, then you must find him not guilty.

[2] We recognize that courts generally instruct the jury on entrapment in either of two ways. *See* Annot., 28 A.L.R. Fed. 767 (1976). The first approach splits the defense of entrapment into two elements, inducement and propensity. The court instructs the jury on the burden of proof on each element. Wisconsin adopts this first approach. Under the second approach, the court instructs the jury that the government must prove beyond a reasonable doubt that the defendant was not entrapped. As we are bound by *Hawthorne,* it is not up to us to decide which of the two approaches is better.

We decline to extend *Moes v. State,* 91 Wis. 2d 756, 768, 284 N.W.2d 66, 71 (1979), to the defense of entrapment. In *Moes,* the court held that the prosecution bears the burden of disproving beyond a reasonable doubt the statutory defense of coercion. *Id.* Coercion is an example of the defense of privilege. Section 939.45(1), Stats. Saternus contends that entrapment should be treated in the same manner as statutory defenses of privilege such as coercion. Our supreme court, however, distinguishes privilege from entrapment on public policy grounds. Privilege allows the accused to commit a crime to avoid death or great bodily harm. Unlike privilege, entrapment does not avoid harm to the defendant but aims to deter reprehensible police conduct. Since *Moes,* our supreme court has continued to preserve the distinction between the entrapment defense and the privilege defense. We therefore decline to require the state to disprove beyond a reasonable doubt that the police officer induced him to commit the crime.

Although the pattern jury instruction is arguably confusing, we cannot say that this confusion reaches constitutional proportions. A jury's determination is tainted by an instruction on the allocation of the burden of proof when a reasonable juror could misinterpret the instruction to the detriment of the defendant's due process rights. *Schulz,* 102 Wis. 2d at 427, 307 N.W.2d at 154. Although there are different levels of proof for each element of the entrapment defense, the pattern instruction correctly informs the jury of the defendant's burden of proving inducement by a preponderance of the evidence, and of the state's burden of proving predisposition beyond a reasonable doubt.

*By the Court.*—Judgment and order affirmed.